**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                          No. 16-CV-00684-JCH-GJF
                                                               No. 11-CR-00410-JCH

ENRIQUE BACA-OLIVAS,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Enrique Baca-Olivas's Pro Se Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 56], filed on June 24, 2016. In his § 2255 motion, Defendant seeks to vacate his sentence in in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause definition of a violent felony in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). [CV Doc. 1; CR Doc. 56] Because Defendant's sentence was not enhanced under the ACCA for a violent felony, or under the United States Sentencing Guidelines (U.S.S.G.) for a crime of violence, his § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

Pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Defendant pleaded guilty to Count I of the Indictment charging him with Possession with Intent to Distribute 500 Grams and

More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and Count 4 of the Indictment charging him with being an Alien in Possession of a Firearm in violation of 922(g)(5) and 924(a)(2).  Defendant and the United States stipulated and agreed to a sentence of one hundred and twenty (120) months, with no further reduction to occur.  [CR Doc. 12, 39, 40, 43, 46]  Additionally, Defendant agreed "to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering" into the plea agreement.  [CR Doc. 39]

The Probation Office produced a Presentence Investigation Report (PSR), which noted that "Counts 1 and 4 are grouped together pursuant to U.S.S.G. § 3D1.2(c), as count 4 embodies conduct that is treated as a specific offense characteristic in the guideline applicable to Count 1." [PSR at 8]  Under U.S.S.G. § 3D1.3(a) "the offense level applicable to a Group is the offense level . . . for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group."  U.S.S.G. § 3D1.3(a).  Because "[t]he offense level resulting from an application of Count 1, results in a higher offense level than for Count 4," the guideline for Count 1, Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), was applied. [PSR at 8]

Under U.S.S.G. § 2D1.1(a)(5), the base offense level for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) depends on the quantity of drugs "specified in the Drug Quantity Table." U.S.S.G. § 2D1.1(a)(5).   The PSR determined that Defendant was accountable for "methamphetamine—668.3 net grams (562.7 grams actual); cocaine—1.1 net grams; and

2

marijuana—1.3 net kilograms," resulting in a base offense level of 36 under the Drug Quantity Table.  [PSR at 8]   Defendant's base offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1), because he possessed firearms in connection with his drug trafficking activities. [PSR at 9]   Defendant's base offense level was increased by another two points under U.S.S.G. § 2D1.1(b)(12), because he maintained a premises for the purposes of manufacturing or distributing a controlled substance, resulting in an adjusted offense level of 40.  [PSR at 9]   Defendant received a three-point reduction in his adjusted offense level under U.S.S.G. § 3E1.1 because he had demonstrated an acceptance of responsibility for the offense, resulting in a total offense level of 37.  [PSR at 9-10]

With respect to Defendant's criminal history, he received two criminal history points under U.S.S.G. 4A1.1(c) for two prior convictions.   Two criminal history points placed Defendant in a criminal history category of II.  [PSR at 11]    Based on a total offense level of 37 and a criminal history category of II, the PSR determined that the guideline imprisonment range was 235 to 293 months as to Count 1 and 120 months as to Count 4.  [PSR Doc. 16]

The Court adopted the findings in the PSR, accepted the plea agreement, and imposed a term of 120 months of imprisonment as to Count 1 and a term of 120 months of imprisonment as to Count 4; said terms to run concurrently with each other, for a total term of 120 months of imprisonment, consistent with the plea agreement.  [CR Docs. 43, 46]   Additionally, the Court imposed a five-year term of supervised release as to Count 1, and a three-year term of supervised release as to Count 4; said terms to run concurrently with each other, for a total term of 5 years of supervised release.  [CR Doc. 46]   The Court entered judgment on Defendant's convictions and sentence on March 28, 2012, followed by an amended judgment on April 3, 2012.   [CR Docs. 44,

46] Defendant did not appeal from the judgment of conviction.

On June 24, 2016, Defendant filed the present § 2255 motion, which seeks sentencing relief under *Johnson*. [CV Doc. 1; CR Doc. 56]  In *Johnson*, the United States Supreme Court considered whether the residual clause of the ACCA violates the due process clause of the United States Constitution.  In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.  *See* 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."  *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).  The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added).  In *Johnson*, the Court held that the residual clause of §924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S. Ct. at 2557.  Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  *Id.* at 2563.  The Supreme Court's holding in *Johnson* is applicable retroactively to cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257 (2016).

In the present case, Defendant's sentence was not enhanced under § 924(e)(2)(B) of the

ACCA.  The Court recognizes that the U.S.S.G. contains a residual clause definition for a "crime of violence," which is virtually identical to the one invalidated in *Johnson*.  *See* U.S.S.G. § 4B1.2 (defining a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added)).  In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit Court held that "[t]he concerns about judicial inconsistency that motivated the Court in *Johnson*, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague."[1]  However, Defendant's sentence was not enhanced under the U.S.S.G. for a crime of violence, much less under the residual clause definition of a crime of violence.  Rather, as explained above, Defendant's offense level was calculated based on U.S.S.G. §§ 2D1.1(a)(5) (base offense level of 36 under the Drug Quantity Table),   2D1.1(b)(1) (2-point enhancement for possession of a dangerous weapon), 2D1.1(b)(12) (2-point enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance), and 3E1.1 (3-point reduction for acceptance of responsibility).  Regardless, Defendant was not sentenced to the guideline imprisonment range of 235 to 293 months, but instead was sentenced to 120 months of imprisonment, consistent with the Fed. R. Crim. P. 11(c)(1)(C) plea agreement.  Based on the foregoing, the Court concludes that Defendant plainly is not entitled to relief on his § 2255 motion.

---

[1] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G.  That question currently is pending before the United States Supreme Court *in Beckles v. United States*, No. 15-854.  The Court need not determine whether *Johnson* applies retroactively to the U.S.S.G., because Defendant's sentence was not enhanced under the U.S.S.G. for a crime of violence.

5

Therefore, Defendant's § 2255 motion will be dismissed with prejudice.

Furthermore, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Pro Se Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 56] is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE